IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUPE JAMES SANCHEZ,

    Petitioner,                      No. 2:11-cv-2204 EFB P

    vs.

WILLIAM KNIPP, et al.,

    Respondents.                 ORDER AND
                                                       FINDINGS AND RECOMMENDATIONS

        Petitioner is a state prisoner with counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondents have filed a motion to dismiss, arguing that the petition contains unexhausted claims. In his opposition, petitioner requests the matter be stayed to enable him to return to state court to exhaust his unexhausted claims. For the reasons explained below, respondents' motion must be granted in part and petitioner's motion to stay granted.

**I.    Procedural History**

        Petitioner was convicted of continuous sexual abuse of a minor under the age of 14 and sentenced to 16 years in state prison. Resps.' Mot. to Dism., Docs. Lodged in Supp. Thereof ("Lodg. Doc.") 1. He appealed his conviction to the California Court of Appeal, Third Appellate District, which affirmed the judgment. *Id*. Petitioner subsequently filed a petition for a review in the California Supreme Court, which was denied on August 18, 2010. Lodg. Docs. 3-4.

Petitioner has not sought any other review of his conviction in the California Supreme Court.

## II.   Exhaustion

A district court may not grant a petition for a writ of habeas corpus unless the petitioner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1). A state will not be deemed to have waived the exhaustion requirement unless the state, through counsel, expressly waives the requirement. 28 U.S.C. § 2254(b)(3).

Exhaustion of state remedies requires that petitioners fairly present federal claims to the highest state court, either on direct appeal or through state collateral proceedings, in order to give the highest state court "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations omitted). "[A] state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended by*, 247 F.3d 904 (9th Cir. 2000). "[T]he petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is self-evident . . . ." *Id.* (citations omitted); *see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief"); *Duncan*, 513 U.S. at 365-66 (to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution").

Where a petition contains both unexhausted and exhausted claims, the petition must be dismissed with leave to amend to allow the petitioner to file an amended petition stating only exhausted claims (either by exhausting the previously unexhausted claims prior to filing the amended petition or by deleting the unexhausted claims from the petition). *Rose v. Lundy*, 455 U.S. 509, 520 (1982); *Calderon v. U.S. Dist. Ct. (Taylor)*, 134 F.3d 981. 986 (9th Cir. 1998); *James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000). Alternatively, the petitioner may seek a

stay of the federal proceedings while he attempts to exhaust the unexhausted claims. *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009) (outlining two avenues for seeking a stay, one under *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002) and one under *Rhines v. Weber*, 544 U.S. 269 (2005)). Petitioner request that the proceeding be stayed so he can return to state court to exhaust his unexhausted claims. Pet'r's Opp'n, Dckt. No. 12 at 3-5.

In his petition, petitioner alleges the following claims: (1) he was denied his constitutional rights to confront a witness, present a defense, and receive a fair trial by the trial court's exclusion of impeachment evidence; (2) the trial court abused its discretion by limiting impeachment evidence under California Evidence Code Section 352; (3) ineffective assistance of counsel related to claims one and two; (4) the trial court erred in denying his request for disclosure of juror information pursuant to California Code of Civil Procedure section 237; (5) the trial court violated his constitutional rights by denying his request for fees to obtain an investigator; (6) the trial judge was biased against his trial counsel; (7) the trial court erred in imposing an excessive sentence; and (8) ineffective assistance of appellate counsel for not raising claims five and six on appeal. Pet., Dckt. No. 1 at 6-20.

The parties agree that petitioner exhausted claims one and four, but that his other claims remain unexhausted. Dckt. No. 12 at 4; Resps.' Mot. to Dism., Dckt. No. 8 at 4-5. Petitioner requests, however, that the court stay the proceedings so he may return to state court to exhaust his unexhausted claims. Dckt. No. 12 at 4-5.

**III.  Stay**

There are two approaches for analyzing stay-and-abey motions – one provided for by *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002) and the other by *Rhines v. Weber*, 544 U.S. 269 (2005). *King v. Ryan*, 564 F.3d 1133, 1138-41 (9th Cir. 2009).

*Kelly* provides that a district court may stay a petition containing only exhausted claims and hold it in abeyance pending exhaustion of additional claims which may then be added to the petition through amendment. *Kelly,* 315 F.3d at 1070-71; *King*, 564 F.3d at 1135. If a petition

contains both exhausted and unexhausted claims (a so-called "mixed" petition), a petitioner seeking a stay under *Kelly* must dismiss the unexhausted claims from the petition and seek to add them back in through amendment after exhausting them in state court. *King*, 564 F.3d at 1138-39. The previously unexhausted claims, once exhausted, must be added back into the federal petition within the statute of limitations provided for by 28 U.S.C. § 2244(d)(1), however. *King*, 564 F.3d at 1140-41. Under that section, a one-year limitation period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2241(d)(1). A federal habeas petition does not toll the limitations period under 28 U.S.C. § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Under *Rhines*, a district court may stay a mixed petition in its entirety, without requiring dismissal of the unexhausted claims while the petitioner attempts to exhaust them in state court. *King*, 564 F.3d at 1139-40. Unlike the *Kelly* procedure, however, *Rhines* requires that the petitioner show good cause for failing to exhaust the claims in state court prior to filing the federal petition. *Rhines*, 544 U.S. at 277-78; *King*, 564 F.3d at 1139. In addition, a stay pursuant to *Rhines* is inappropriate where the unexhausted claims are "plainly meritless" or where the petitioner has engaged in "abusive litigation tactics or intentional delay." *Id.*

In the instant case, petitioner has not attempted to make a showing of good cause or otherwise argue that he is entitled to a stay under *Rhines*. Instead, he contends that this court may dismiss the unexhausted claims, hold the petition in abeyance, and permit him to file an amended petition after exhausting the unexhausted claims. Dckt. No. 12 at 4-5. Respondents argue that a stay would be futile for some of petitioner's claims and sub-claims because certain claims and sub-claims cannot be timely amended into the petition and will not relate back to petitioner's exhausted claims. Resps.' Reply, Dckt. No. 14 at 2. Respondents specifically argue

4

the following claims and sub-claims should be dismissed: "the part of claim two pertaining to the victim's arrest for petty theft; the part of claim three pertaining to the victim's arrest for petty theft; claim six (judge was biased against defense counsel); claim seven (excessively harsh sentence); and part of claim eight (appellate attorney should have raised claim six)." *Id*.

While it does appear likely that some of petitioner's unexhausted claims would be untimely if added to the petition after exhaustion, respondents do not contend that a stay would be futile as to all of petitioner's unexhausted claims. For example, respondents do not argue that claim five would be time-barred if petitioner was given an opportunity to exhaust this claim in state court and amend his petition to include the claim after exhaustion. As petitioner may be able to exhaust some of his claims and subsequently add them to the petition through amendment, the court will stay the proceedings under *Kelly*. The court declines at this time to decide which claims, once exhausted, can properly be added to the federal petition within AEDPA's one year limitation period. However, after petitioner amends his petition to add any newly exhausted claims, respondents will be given an opportunity to challenge the timeliness of the claims asserted in the amended petition.

**IV.   Conclusion**

Accordingly, it is ORDERED that:

1. The December 6, 2011 order to show cause, Dckt. No. 10, is discharged; and

2. The Clerk randomly assign this case to a United States District Judge.

Further, it is RECOMMENDED that:

1. Respondents' October 21, 2011 motion to dismiss, Dckt. No. 8, be granted in part, and claims two, three, five, six, seven, and eight be dismissed without prejudice;

2. Petitioner's December 27, 2011 motion for stay, Dckt. No. 12, be granted in that the unexhausted claims in the original petition (claims two, three, five, six, seven, and eight) be stricken pursuant to *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002) and *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009), and the instant action, with only claims one and four remaining, be

5

1 administratively stayed pursuant to *Kelly* and *King*;

2    3. Petitioner be directed to file a state habeas petition containing his unexhausted claims

3 within 30 days; and

4    4. Petitioner be directed to file a motion to lift the stay within 30 days of the California

5 Supreme Court issuing a final order resolving petitioner's unexhausted claims.

6    These findings and recommendations are submitted to the United States District Judge

7 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

8 after being served with these findings and recommendations, any party may file written

9 objections with the court and serve a copy on all parties.  Such a document should be captioned

10 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

11 within the specified time may waive the right to appeal the District Court's order. *Turner v.*

12 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

13 Dated: August 3, 2012.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE