UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUPE JAMES SANCHEZ, | No. 2:11-cv-2204-JAM-EFB P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| WILLIAM KNIPP, et al., | |
| Respondents. | |

Petitioner, a state prisoner proceeding with counsel, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 10, 2012, the court stayed this action and directed petitioner to file a state habeas petition containing his unexhausted claims within 30 days. The court also directed petitioner to file a motion to lift the stay within 30 days of the California Supreme Court issuing a final order resolving petitioner's unexhausted claims. ECF No. 17. A review of the California Supreme Court's docket shows that petitioner filed a petition on November 21, 2012 in Case No. S206843, and that the petition was denied on January 23, 2013.[1]

/////

/////

---

[1] A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

1

1      On January 30, 2014, because it appeared that petitioner was long overdue in filing a
2 motion to lift the stay, the court ordered petitioner to, within 30 days, file a status report
3 discussing the status of the state court proceedings, and further proceedings in this action.  The
4 time for acting has passed and petitioner has not complied with or otherwise responded to the
5 court's order.  Petitioner has disobeyed this court's orders and failed to prosecute this action.  The
6 record suggests that petitioner has abandoned this action.  The appropriate action is dismissal
7 without prejudice.

8      A district court must "weigh five factors to determine whether to dismiss a case for lack of
9 prosecution: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to
10 manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the
11 disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Eisen*,
12 31 F.3d 1447, 1451 (9th Cir. 1994); *accord, Southwest Marine Inc. v. Danzig*, 217 F.3d 1128,
13 1138 (9th Cir. 2000).  Here, the first two *Ferdik* factors support dismissal, as it appears that the
14 court is devoting its limited judicial resources to this action despite petitioner's apparent intent to
15 abandon it.  Moreover, petitioner's failure to comply with court orders delays the progress of this
16 litigation, likely causing prejudice to respondent.  In addition, given petitioner's apparent intent to
17 abandon this action, less drastic sanctions would be futile.  Having considered the *Ferdik* factors,
18 and in light of petitioner's failure to prosecute this action by filing a status report as directed, the
19 court finds that dismissal of this action is appropriate.

20      Furthermore, a party's failure to comply with any order or with the Local Rules "may be
21 grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or
22 within the inherent power of the Court."  E.D. Cal. Local Rule 110.  The court may recommend
23 that an action be dismissed with or without prejudice, as appropriate, if a party disobeys an order
24 or the Local Rules.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992) (district court did
25 not abuse discretion in dismissing pro se plaintiff's complaint for failing to obey an order to re-
26 file an amended complaint to comply with Federal Rules of Civil Procedure); *Carey v. King*, 856
27 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for pro se plaintiff's failure to comply with local
28 rule regarding notice of change of address affirmed).

1    Accordingly, it is hereby RECOMMENDED that this action be dismissed without
2 prejudice.  *See* Fed. R. Civ. P. 41(b); E.D. Cal. Local Rule 110, 183(b).

3    These findings and recommendations are submitted to the United States District Judge
4 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
5 after being served with these findings and recommendations, any party may file written
6 objections with the court and serve a copy on all parties.  Such a document should be captioned
7 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
8 shall be served and filed within fourteen days after service of the objections.  Failure to file
9 objections within the specified time may waive the right to appeal the District Court's order.
10 *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.
11 1991).  In his objections petitioner may address whether a certificate of appealability should issue
12 in the event he files an appeal of the judgment in this case.  *See* Rule 11, Rules Governing Section
13 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a
14 final order adverse to the applicant).

15 Dated:  March 5, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3